# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-40451
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
March 21, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JORDAN BALLARD,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:15-CR-77-1

Before KING, SOUTHWICK, and ENGELHARDT, Circuit Judges.

PER CURIAM:[*]

Jordan Ballard appeals his sentence for being a felon in possession of a firearm. Ballard contends that the district court erred in applying the first degree murder guideline, U.S.S.G. § 2A1.1, pursuant to U.S.S.G. § 2K2.1's cross-reference provision, resulting in a guideline range that was restricted to the maximum statutory prison term of 120 months. He maintains that the evidence at the sentencing hearing, at most, supported a finding of voluntary

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-40451

manslaughter, which would have called for a guideline range of 78 to 97 months of imprisonment.

In light of the evidence introduced at the sentencing hearing and the fact that this court defers to a district court's credibility determinations, the district court's finding that Ballard was lying in wait and formed a conscious choice to shoot the victim is plausible in light of the record as a whole. *See* 18 U.S.C. § 1111(a); *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764-65 (5th Cir. 2008); *United States v. Alaniz-Alaniz*, 38 F.3d 788, 791 (5th Cir. 1994). Accordingly, the district court did not err in applying the homicide cross-reference of Section 2K2.1(c) and the first degree murder guideline of Section 2A1.1. The judgment of the district court is therefore AFFIRMED.